CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 4 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| FELIPE AURELIO HERNANDEZ, | ) | |
| | ) | Civil Action No. 7:05CV00237 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **By: Samuel G. Wilson** |
| Respondent. | ) | **United States District Judge** |

Petitioner Felipe Aurelio Hernandez brings this 28 U.S.C. § 2255 motion, challenging his conviction and sentence for conspiracy to distribute 500 grams or more of methamphetamine. Hernandez claims that the district court erred by denying his motion to withdraw his guilty plea, that his sentence is unconstitutional under Blakely and Booker,[1] and that his attorney provided ineffective assistance.

## I.

A grand jury indicted Hernandez on one count of conspiracy to distribute 500 grams or more of methamphetamine. Hernandez entered a plea of guilty, which the court accepted; however, Hernandez later moved to withdraw his guilty plea, a motion the court denied. The court sentenced Hernandez to 240 months incarceration. Hernandez appealed the court's denial of his motion to withdraw his guilty plea, as well as the court's determination of the amount of drugs for which he was held responsible. The Court of Appeals for the Fourth Circuit denied Hernandez's appeal.

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) (holding that a court may not impose a sentence exceeding the statutory maximum based on any facts which have not been either found by a jury or admitted to by the defendant); United States v. Booker, 125 S. Ct. 738 (2005) (applying the Blakely holding to the federal sentencing guidelines).

In his 28 U.S.C. § 2255 petition, Hernandez claims that the district court erred by denying his motion to withdraw his guilty plea, that his sentence is unconstitutional under Blakely and Booker,[2] and that his attorney provided ineffective assistance by allowing Hernandez to plead guilty and by failing to object to the court's enhancement of Hernandez's sentence or to the court's determination of the quantity of drugs attributable to Hernandez.

## II.

Because the Fourth Circuit has already adjudicated it on the merits, this court may not collaterally review Hernandez's claim that the trial court erred by denying his motion to withdraw his guilty plea. See United States v. Roane, 378 F.3d 382 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, the court dismisses the claim.

## III.

The Supreme Court did not make its decision in Booker retroactively applicable to cases on collateral review. See Booker, 125 S. Ct. at 769; United States v. Johnson, 353 F.Supp. 2d 656 (E.D. Va. 2005). Therefore, the court dismisses Hernandez's Blakely/Booker claim.

## IV.

In order to prevail on a claim of ineffective assistance, Hernandez must show both that his counsel acted unreasonably and that the outcome of his case would have been different but for counsel's alleged errors. Strickland v. Washington, 466 U.S. 668 (1984). Hernandez claims that his counsel was ineffective in advising him on his plea; however, during his Rule 11 plea

---

[2] Hernandez claims that both the court's determination of the quantity of drugs attributed to him at sentencing and the court's enhancement of his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(2) violated Blakely/Booker.

2

colloquy, Hernandez affirmed under oath that he was knowingly and voluntarily entering his plea and that he was satisfied with counsel's advice and representation. Hernandez has not presented the clear and convincing evidence required to overcome these sworn statements. See Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992).

Hernandez's claims pertaining to counsel's performance at sentencing are factually meritless. Hernandez contends that counsel failed to object to the drug weight attributed to Hernandez as well as to the enhancement of Hernandez's sentence; however, the record clearly indicates that Hernandez's counsel did file objections to the pre-sentence report on those issues and that the court denied those objections during sentencing. Thus, the court finds that Hernandez has failed to demonstrate a reasonable probability that, but for his counsel's performance, the outcome of his case would have been different. See Strickland 466 U.S. at 694 (1984). Accordingly, the court dismisses Hernandez's ineffective assistance claims.

### V.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER:** This _14th_ day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE